# Dougherty *v.* Wellinger, Appellant.

*Will—Devise—Life estate—Codicil.*

Where a testator devises land in his will prohibiting the sale of the real estate devised during the life of the devisees, and subsequently executes a codicil by which he devises land owned by him at the date of the will to a devisee mentioned in the will, without any restriction, the devisee under the codicil takes a fee in the land devised to him in the codicil.

Submitted Nov. 5, 1903. Appeal, No. 461, Oct. T., 1903, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1903, No. 386, on case stated in suit of John Dougherty *v.* John G. Wellinger. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine marketable title to real estate.

FRAZER, P. J., filed the following opinion:

The facts set forth in the case stated are as follows:

Joshua T. Bartholic, by last will and testament, dated March 19, 1883, devised certain real estate to his children and grandchildren. After making these devises he provided, inter alia, as follows:

"Further, it is my will and I so direct that the real estate by me devised to my several children and grandchildren shall

not be sold during their natural lives but at the death of any one of them, or at the death of each one of them that their respective portions of real estate, devised and bequeathed to them be sold and the proceeds of sale be equally divided between each one of their respective children, share and share alike, and if either of my said children and grandchildren die leaving no issue, child or children, then and in that case his or her share of the devises by me made to such one of my children or grandchildren be equally divided among my remaining child or children, share and share alike."

Afterwards, at different times, testator executed four codicils to his will, the third of which being dated April 27, 1888, in which he directs that certain of his real estate not mentioned and included in his original will be divided by his executors into twelve lots, two of which lots, Nos. 9 and 10, he devises to his son, Jonathan W. Bartholic. That after the death of testator, Jonathan W. Bartholic took possession of lots Nos. 9 and 10, and subsequently conveyed the same in fee simple to plaintiff's predecessors in title ; that the same, by subsequent transfers, became vested in the plaintiff, John Dougherty, who, by articles of agreement, agreed to sell and convey the same to the defendant, John G. Wellinger, for the price or sum of $1,600 ; that a deed was tendered by plaintiff to the defendant for the property, which defendant refused to accept, alleging as a reason for his refusal that the devise by Joshua T. Bartholic to Jonathan W. Bartholic was for life only, and that plaintiff was unable to convey a fee simple title to the defendant. It was further agreed that if the court should be of opinion that the devise by the will of Joshua T. Bartholic of lots Nos. 9 and 10 to his son, Jonathan W. Bartholic, was a devise in fee simple, judgment was to be entered in favor of plaintiff and against the defendant for the sum of $1,600 and costs ; if of the opinion that Jonathan W. Bartholic took but a life estate in the property, then judgment to be entered for the defendant with costs. It seems clear to us that Jonathan W. Bartholic acquired a fee simple title to the property, and that it was the intention of the testator that he should take such title. As we understand the facts set forth in the case stated, the clause above quoted, which occurs only in the original will of November 21,

1889, applies solely to real estate devised in that will and does not apply to the devises made in the subsequent codicils. In no other part of the will, nor in any of the codicils are similar words to be found, nor any words indicating an intention upon the part of the testator that the condition imposed by that clause quoted should apply to devises made in the codicils. On the contrary a careful reading of the codicils indicates an intention upon the part of the testator to devise the real estate not included in the original will, and especially that divided into lots, free from the effect of the condition in the original will above quoted. Being of the opinion that Jonathan W. Bartholic took a fee simple estate in lots 9 and 10 under the codicil of April 27, 1888, it is ordered that judgment be entered in favor of the plaintiff for the sum of $1,600 with costs of suit.

*Error assigned* was in entering judgment for plaintiff on case stated.

*R. A. Kennedy*, for appellant.—In Richard's Estate, 36 W. N. C. 264, was held that a codicil is part of the will, and where a testator in the latter codicil refers to his will, he must be held to have referred to earlier codicils as well: Hamilton's Estate, 74 Pa. 69.

*Edward J. I. Gannon* and *James A. Dougan*, for appellee, cited: Lewis's App., 108 Pa. 133 ; Manifold's App., 126 Pa. 508 ; Reily's App., 190 Pa. 509 ; Waln's Est., 12 Pa. C. C. Rep. 385 ; Renalt v. Ulrich, 23 Pa. 388 ; Beardsley v. Selectmen of Bridgeport, 3 Atl. Repr. 557 ; Ridgway's App., 163 Pa. 30.

PER CURIAM, January 4, 1904 :

The judgment is affirmed on the opinion of the learned judge below.